1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                Case No.  10-cr-00681-AMO-2

         Plaintiff,
8
                                              **ORDER DENYING MOTION FOR**
9        v.                                   **COMPASSIONATE RELEASE**

10   ROYRICK DWAYNE MILLER,                    Re: Dkt. No. 161, 178

         Defendant.
11

12

13          Before the Court is Defendant Royrick Dwayne Miller's renewed motion for

14   compassionate release pursuant to Title 18 U.S.C. § 3582(c)(1)(A), filed on May 6, 2025.  ECF

15   161.  Miller first filed a motion for compassion release on December 8, 2020.  ECF 119.  The

16   Court denied the motion.  ECF 131.  Miller filed a second motion for a sentence reduction on

17   March 1, 2024, ECF 135, which the Court denied on May 6, 2024, ECF 143.  The instant motion

18   followed on May 6, 2025.  The Government filed an opposition, ECF 166, and Miller filed a reply,

19   ECF 169.  The Probation Office also provided a response to the compassionate release motion.

20   ECF 172.[1]  Having reviewed the record and considered the parties' briefs and applicable legal

21   standards, the Court **DENIES** Miller's renewed motion for the reasons set forth below.

22   **I.     BACKGROUND**

23          On September 14, 2011, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea

24   agreement, Miller pleaded guilty to one count of conspiracy to interfere with commerce by

25   robbery in violation of Title 18 U.S.C. § 1951(a) and one count of armed bank robbery in violation

26

27   ───────────────
     [1] On July 21, 2025, the Court received an "Ex Parte Application for Expedited Ruling" from
28   Miller, ECF 178, related to this motion.  Because the instant Order resolves the motion, the Court
     DENIES the "Application" as moot.

United States District Court
Northern District of California

1    of Title 18 U.S.C. §§ 2113(a) and (d).  ECF 1; ECF 78.  The Court sentenced Miller to 212 months

2    of imprisonment followed by a five-year term of supervised release, a $200 special assessment,

3    and $18,713.78 in restitution.  ECF 84, ECF 85.  Miller is currently serving the remainder of his

4    sentence in Bureau of Prisons (BOP) custody at a Residential Reentry Center in San Francisco.

5    His projected release date is November 9, 2025.

6    **II.     DISCUSSION**

7         Miller moves for compassionate release under Title 18 U.S.C. § 3582.  He requests that the

8    Court reduce his sentence to time served or, alternatively, that he be permitted to serve the

9    remainder of his sentence in home confinement.  The Court briefly takes up the latter request

10   before addressing Miller's motion for sentence reduction.

11        Miller requests the Court order home confinement for the duration of his sentence.

12   However, "[a]uthority to determine place of confinement resides in the executive branch of

13   government and is delegated to the Bureau of Prisons."  *United States v. Ceballos*, 671 F.3d 852,

14   855 (9th Cir. 2011) (per curiam).  The Court has no authority to designate where Miller will serve

15   the remainder of his sentence, and his alternate request is accordingly DENIED.

16        Miller again, *see* ECF 131, moves this Court for a reduction in sentence Title 18 U.S.C.

17   § 3582.  As amended by the First Step Act, Title 18 U.S.C. § 3582(c)(1)(A), provides that a court

18   may modify a previously imposed sentence "upon motion of the defendant after the defendant has

19   fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

20   motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

21   warden of the defendant's facility, whichever is earlier."  Once a defendant has exhausted their

22   administrative remedies, a court has the discretion under Section 3582(c)(1) to reduce a sentence

23   only when three conditions are met: (1) extraordinary and compelling reasons warrant a reduction;

24   (2) the reduction is consistent with applicable policy statements issued by the Sentencing

25   Commission; (3) after considering the sentencing factors in Section 3553(a), the reduction is

26   warranted under the particular circumstances of the case.  *United States v. Bryant*, No. 24-3093, --

27   F.4th ---, 2025 WL 2026172 *1 (9th Cir. July 21, 2025) (*citing United State v. Wright*, 46 F.4th

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    938, 945 (9th Cir. 2022)).  The motion may be denied if Miller fails to satisfy any of these

2    conditions.  *Id.*

3         When Miller last moved for compassionate release, that motion was denied in part because

4    the Court found that the applicable Section 3553(a) factors weighed against him.  ECF 131 at 3.

5    The Court, thus, begins its analysis here by considering the Section 3553(a) factors, which include

6    (1) the nature and circumstances of the offense and the history and characteristics of the

7    defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to

8    promote respect for the law, to provide just punishment for the offense, to afford adequate

9    deterrence to criminal conduct, and to protect the public from further crimes of the defendant;

10   (3) the kinds of sentences available; (4) the sentences and ranges established by the Sentencing

11   Guidelines; (5) relevant policy statements issued by the Sentencing Commission; (6) the need to

12   avoid unwarranted sentence disparities among similarly situated defendants with similar records

13   who have been found guilty of similar conduct; and (7) the need to provide restitution to victims.

14   18 U.S.C. § 3553(a).  Though the Court does not reach all these factors, review of several of them

15   reveals that the Section 3553(a) factors continue to weigh against reducing Miller's sentence.

16        To begin, the nature and circumstances of the offense are notably serious.  While the Court

17   does not detail them all here, it highlights that after an armed bank robbery, Miller and his

18   conspirator fled in one car they soon crashed and abandoned and then Miller held a gun to a

19   4-year-old child's head while demanding that the child's family give them keys to a car to

20   continue evading arrest.  ECF 80 at 3; ECF 83 at 1.  The Court notes that Miller's sentence was

21   the result of a conditional plea under Federal Rule of Criminal Procedure 11(c)(1)(c), and that the

22   212-month sentence imposed was jointly recommended by Miller and the Government.  *See* ECF

23   83 at 2:13-17.  The sentence imposed remains necessary to reflect the seriousness of the offense

24   and to endorse respect for the law.  Moreover, the Court again concludes that Miller's previous

25   criminal history, and the nature of his prior offenses, weighs against a sentence reduction, as

26   granting a reduction would not promote the provision of just punishment for the offense or the

27   protection of the public.  *See* ECF 131 at 3.

28

3

1    Miller contends that several considerations merit a different result from the last time he

2    moved for a reduction of sentence: his having served an additional five years of his sentence, his

3    continued rehabilitation, and his novel humanitarian arguments for relief, including his mother's

4    health.  ECF 169 at 11.  The Court is not persuaded.  In particular, his bases for the relief are not

5    matters to be considered in the Section 3553(a) analysis.  Miller's completion of a substantial

6    portion of his sentence along with his continued rehabilitation seem items for the Court to consider

7    in a separate portion of the compassionate release analysis – whether Miller had raised

8    "extraordinary or compelling reasons" to warrant compassionate release – not in weighing the

9    Section 3553(a) factors.  *See* 18 U.S.C. § 3582(c)(1)(A).

10    Because the Section 3553(a) factors weigh against Miller's release, the Court need not

11    address whether he has demonstrated an extraordinary and compelling reason to warrant

12    compassionate release under Title 18 U.S.C. § 3582(c)(1)(A).  Even if Miller could demonstrate

13    an extraordinary and compelling reason for his release, the Court must deny his motion because a

14    reduction of his sentence to time served would conflict with the Section 3553(a) sentencing

15    factors.  *See Bryant*, 2025 WL 2026172 at *1.

16    **III.    CONCLUSION**

17    For the foregoing reasons, the Court **DENIES** Miller's request for a reduction in sentence.

18    Though this result may seem harsh given the months Miller has left in his sentence, "[o]ur justice

19    system relies on the finality of criminal judgments."  *Bryant*, 2025 WL 2026172 at *1 (*citing*

20    *Teage v. Lane*, 489 U.S. 288, 309 (1989)).

21

22    **IT IS SO ORDERED.**

23    Dated: August 6, 2025

24

25    _____

26    **ARACELI MARTÍNEZ-OLGUÍN**
      **United States District Judge**

27

28

United States District Court
Northern District of California